UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUAN FLAGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00095-JRS-MJD |
| ) | |
| ROBERT E. CARTER, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Juan Flagg, an inmate at Wabash Valley Correctional Facility ("Wabash Valley") brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments during his placement in administrative segregation. The defendants have moved for summary judgment arguing that Mr. Flagg failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons, the defendants' motion for summary judgment, dkt. [22], is **DENIED**.

I.
**LEGAL STANDARD**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II.
## DISCUSSION

The defendants seek summary judgment arguing that Mr. Flagg failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Throughout their brief in support of summary judgment, the defendants argue only that Mr. Flagg failed to exhaust his administrative remedies because his grievance log does not show that he filed any grievance pertaining to his placement in administrative segregation. *See* dkt. 24 at 7. In response, Mr. Flagg points out that he did not use the offender grievance process to challenge his placement in administrative segregation because, under the defendants' policy, classification decisions are a non-grievable issue. Rather, the policy delineates a separate classification appeals process, which Mr. Flagg argues he exhausted. *See* dkts. 26, 27. The defendants filed no reply addressing Mr. Flagg's arguments.

The Court's review of the policy provided by the defendants reveals that Mr. Flagg has correctly characterized the policy in his response arguments. *See* dkt. 23-2 at 3 ("Section B. Matters Inappropriate to the Offender Grievance Process"). Specifically, the policy lists classification actions as a "non-grievable issue[]" and states that "a separate disciplinary classification appeals process is in place for this purpose." *Id*. Therefore, because the undisputed evidence shows that the defendants' initial arguments in support of exhaustion are meritless, and the defendants have filed no reply brief to address Mr. Flagg's response argument that he satisfied the classification appeals process, the defendants' motion for summary judgment, dkt. [22], is **DENIED**.

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motion for summary judgment, dkt. [22], is **DENIED**. Further proceedings will be directed by separate order.

**IT IS SO ORDERED.**

Date: 2/8/2021

*/s/ James R. Sweeney II*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUAN FLAGG
121969
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov